CLARENCE P. SIDWELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15973. Promulgated November 10, 1948.

*T. F. Ryan, Esq.*, for the petitioner.
*H. H. McCall, Esq.*, for the respondent.

**OPINION.**

Van Fossan, *Judge*: The primary issue in the case at bar is whether or not the petitioner is entitled to discovery value depletion as provided in section 23 (m) and 114 (b) (2) of the Internal Revenue Code.[1]

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(m) DEPLETION.—In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. In any case in which it is ascertained as a result of operations or of development work that the recoverable units are greater or less than the prior estimate thereof, then such prior estimate (but not the basis for depletion) shall be revised and the allowance under this subsection for subsequent taxable years shall be based upon such revised estimate. \* \* \*

For percentage depletion allowable under this subsection, see section 114 (b) (3) and (4).

\* \* \* \* \* \* \*

SEC. 114. BASIS FOR DEPRECIATION AND DEPLETION.

\* \* \* \* \* \* \*

(b) BASIS FOR DEPLETION.—

\* \* \* \* \* \* \*

(2) DISCOVERY VALUE IN CASE OF MINES.—In the case of mines (other than metal, coal,

The latter section establishes the basis for depletion as the fair market value of the property at the date of discovery, or within 30 days thereafter, if such mines were not acquired as a result of the purchase of a proved tract or lease. Thus, assuming, without deciding, that petitioner's operation is a "mine" (but see *Evangeline Gravel Co.*, 13 B. T. A. 101; *Parker Gravel Co.*, 21 B. T. A. 51; *Grand River Gravel Co.*, 22 B. T. A. 1124; *Dunn & Baker, Inc.*, 30 B. T. A. 663), if petitioner is to prevail we must find that the petitioner conformed to the requirement of the statute, that the land in controversy was not a proved tract at the time of purchase. (See *Melville G. Thompson*, 10 B. T. A. 25.)

The record is convincing that prior to his purchase of the Snyder tract the petitioner knew of the existence therein of the type of gravel from which he produced molding sand. He stated freely that he had bored extensive test holes on the land varying from 10 to 40 feet in depth. It would be difficult to believe that at that time he did not encounter the stratum of gravel which he later worked so successfully and the profits from which induced him to seek a deduction for depletion based on discovery value.

In the light of the petitioner's previous experience in extracting and processing molding sand, his familiarity with operations of that character (including the neighboring McCrady plant), his realization of the necessity of securing new lands suited to his needs, and his examination and knowledge of the Snyder tract and contours, it is unmistakably apparent to us that he was conversant with the character and probable extent of the "molding sand" deposit at the time of purchase of the land.

We hold that the petitioner is not entitled to a deduction for depletion based on discovery value.

There are further reasons why petitioner can not prevail.

The evidence, though not conclusive, tends to show that the gravel deposits under the Snyder and Hodel tracts were uninterrupted extensions of a continuing commercial deposit already known to exist. The land adjacent to the Snyder tract and the land across the Little Deer Creek Valley Road (33 feet wide) showed the evidence of the same

---

fluorspar, ball and sagger clay, rock asphalt, or sulphur mines) discovered by the taxpayer after February 28, 1913, the basis for depletion shall be the fair market value of the property at the date of discovery or within thirty days thereafter, if such mines were not acquired as the result of purchase of a proven tract or lease, and if the fair market value of the property is materially disproportionate to the cost. The depletion allowance under section 23 (m) based on discovery value provided in this paragraph shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property upon which the discovery was made, except that in no case shall the depletion allowance under section 23 (m) be less than it would be if computed without reference to discovery value. Discoveries shall include minerals in commercial quantities contained within a vein or deposit discovered in an existing mine or mining tract by the taxpayer after February 28, 1913, if the vein or deposit thus discovered was not merely the uninterrupted extension of a continuing commercial vein or deposit already known to exist, and if the discovered minerals are of sufficient value and quantity that they could be separately mined and marketed at a profit.

gravel stratum as that demonstrated by the test holes to underlie the Snyder land. The respondent's expert witness and McCrady both testified that the petitioner's operation was in the same gravel bed as that exposed on the McCrady property. In any event, the petitioner has failed to sustain his burden of proof that his stratum of molding sand is not such a continuation.

Further, petitioner has not adequately proved that the fair market value of the tracts was disproportionate to their cost.

The petitioner has not presented adequate proof of the basis for his calculations of the tonnage of molding sand in place. He estimated it to be 180,000 tons in the Snyder land and 20,000 tons in the Hodel land. The petitioner insists that the stratum was very irregular and spotty. Under such circumstances and in the absence of more precise and accurate support of that estimate, we can not accept it. The petitioner stated that he paid 25 cents a ton royalty at the Murray plant, but he did not show that it was the prevailing or market price at the Larry location. Moreover, as we said in *Dunn & Baker, supra:*

> * * * But even assuming a determinable content and a fixed price, the multiplication of the two figures does not give fair market value. *Reinecke* v. *Spalding*, 280 U. S. 227.

In *Reinecke* v. *Spalding, supra,* the Court said:

> * * * Manifestly, the fair market value of this interest in 1913 was much less than 25 cents per ton of the estimated contents of the mines, but respondent introduced no evidence which tended to show such value.

The lack of proof on this point would require a holding against petitioner were there no other defect in the record.

The second issue, relating to medical expenses, requires no consideration by us.

*Decision will be entered under Rule 50.*